Aug. 11,
1876. } WATKINS *v*. WATKINS.

*Equity practice.*

When, in a proceeding in equity for the redemption of a mortgage, it appeared that the defendant had fraudulently prevented the plaintiff from seasonably redeeming the mortgage, and had neglected to render, when requested, an account of the amount due—*Held*, that the bill should not be dismissed, because the plaintiff did not tender or bring into court the amount due, and that the court below ought to determine the amount due, and decree that, on payment within some reasonable time to be fixed by the court, the defendant should release the mortgaged premises to the plaintiff.

FROM CHESHIRE CIRCUIT COURT.

This is a bill in equity, in which the plaintiff prays to be permitted

to redeem certain premises from a sale on execution, the time for their redemption, under the statute, having expired. The bill was filed March 22, 1875. The bill sets out at length the reasons why such a decree should be made; but there was no allegation of a tender of the amount due upon the sale of the equity of redemption.

The plaintiff afterwards, and after an answer had been filed, amended his bill by alleging, among other things, "that the defendant has been in possession of said premises, and has taken the income of the same, which amounted to a large sum, the amount of which he does not know, and that he has, since the time for redemption expired, to wit, March 17, 1875, demanded of the defendant an account of the amount due, and of the rents and profits, but the same has not been delivered to him; that, as soon as the amount shall be determined, he always has been, now is, and hereafter will be, ready and desirous, in such reasonable time as the court shall determine, to pay, and will pay, the same to the defendant, in satisfaction thereof, and in discharge of said farm."

The defendant, in his answer, denies all the material allegations in the bill, and, in an amended answer, denied all the material allegations in the amendment; and, in addition, "insists that it does not, by the plaintiff's bill or the amendment thereto, appear that the plaintiff has ever tendered to the defendant the amount due him on account of the equity of redemption, nor that he has brought, nor does the plaintiff by his said bill offer to bring, the amount due the defendant therefor into court, as he is in equity bound to do."

Upon a full hearing, the court being of the opinion that the bill could not be maintained, there being no allegation and no proof of a tender before the filing of the bill, and no bringing of the money into court, and no unconditional offer to pay, ordered the bill dismissed; to which the plaintiff excepted. The evidence tended to show that the plaintiff had means of knowing about the amount of the debt, and of the rents and profits.

If the superior court shall be of the opinion that the exception is well taken, and that it is not incumbent upon the plaintiff to allege and prove a tender before the filing of the bill, and to offer to bring the money into court, and to pay unconditionally, then the court finds for the plaintiff, and that there should be a decree, that, if the plaintiff shall pay the amount due on the sale of said equity of redemption within thirty days from the date of such decree, the defendant shall thereupon execute a release of all his right under the purchase of the same on the twenty-fourth day of January, 1874.

The bill, amendment, answer, and amended answer make a part of this case.

The questions of law arising on the foregoing case were transferred to the superior court for determination by STANLEY, J., C. C.

*Lane* and *Healy*, for the plaintiff.

*Bellows* and *Wheeler & Faulkner*, for the defendant.

CUSHING, C. J.   In this case the plaintiff, William Watkins, states, substantially, that he is the owner of certain real estate, situated in Walpole, which had been by him mortgaged to the Ashuelot Savings Bank on November 7, 1871, and afterwards, August 8, 1873, to Thomas B. Buffum; that his right of redeeming said property had been sold, January 4, 1874, and the right of redeeming from that sale had been sold, on execution, July 7, 1874; that a foreclosure of the mortgages had been commenced, and possession taken, under process of law, July 15, 1874, so that his right to redeem from said mortgages would be foreclosed July 15, 1875; that the right to redeem from the first execution sale expired January 24, 1875, and the right to redeem from the second execution sale would expire July 27, 1875; that the defendant had become the owner, by assignment, of the mortgages, and was the purchaser at said execution sales; that the property was worth at least $3,000 more than all the liens upon it, and that he, as the defendant well knew, fully intended to redeem it, but by fraudulent and collusive inducements and promises he had been induced to let the said day of redemption from the first execution sale pass by, relying on the defendant's promise that it should make no difference; that, on March 17, 1875, he made a written demand on the defendant for an account of the amount due upon the mortgages and upon the execution sales, which the defendant neglected to render;—and he prayed that the amount due the defendant might be ascertained by the court, and that the defendant might be decreed, on the payment by the plaintiff of the amount due, to release the said mortgaged premises.

The case, as drawn, shows that the bill only embraced the matter of the redemption of the premises from the first execution sale; but the bill and answer being made part of the case, the whole matter, as stated above, becomes apparent.   The case having been tried by the court, an order was made that the plaintiff should be permitted to redeem, unless the objection taken by the defendant, that the amount due had not been brought into court, should prevail.   This decree, however, applied only to the first execution sale, and did not apply to the mortgages.   The bill, as will be seen, seeks to have the whole amount due determined.

By the statute—Gen. Stats., ch. 122—the plaintiff was entitled to demand of the defendant an account of the amount due on the mortgages; and, if the defendant unreasonably neglected to account, the plaintiff might commence his proceeding, and the court should determine the amount due on the mortgages, and make an order that, on the amount being brought into court by the plaintiff, the court should decree that such mortgages be discharged.

The defendant, in his answer, gives no sufficient reason for neglecting to render an account; and it seems evident, from the statement which he makes in his amended answer, that he might very readily have done it.

The plaintiff, then, was entitled to maintain his position to this extent, viz., to have the amount due on the mortgages determined, and the proper decree.

By the finding of the court, it is apparent that the allegations in the bill concerning the fraudulent contrivance of the defendant to prevent the property from being redeemed are made out, and the plaintiff is entitled to his further remedy, unless he is barred from it by his failure to make a tender, and bring into court the amount due on that sale. I cannot see anything in the authorities cited to this effect. In fact, no case is cited at all like this; and it seems to me that it was enough for the plaintiff to show his willingness to pay when the proper decree was made.

It is said in the argument, and in some of the cases, that the plaintiff ought to show by his bill enough to entitle him to a decree if the allegations of the bill are admitted. I cannot see any occasion for the plaintiff's tendering the amount due on the first execution sale in preference to having it included in the general decree on the mortgages.

The second execution sale is so connected with the other matters, and, in fact, so enters into a part of the defendant's contrivance to circumvent the plaintiff, that I think the foreclosure on that ought to be opened, and the plaintiff allowed to redeem from that, also.

My opinion, therefore, is, that the court below ought to determine the amount due to the plaintiff, and make a decree that, on payment by him of that sum within some reasonable time to be fixed by the court, the defendant should release the premises to the plaintiff.

LADD and SMITH, JJ., concurred.